UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN PLUMHOF,<br><br>     Plaintiff,<br>v.<br><br><br>U.S. CUSTOMS AND BORDER PATROL,<br><br>     Defendant. | Case No.: 12cv2521 AJB (NLS)<br><br>ORDER:<br><br>(1) DENYING AS MOOT PLAINTIFF'S MOTION TO RELEASE PROPERTY, (Doc. No. 9);<br><br>(2) DENYING PLAINTIFF'S MOTION FOR RESTITUTION IN LIEU OF WRONGFULLY FORFEITED PROPERTY, (Doc. No. 20); AND<br><br>(3) GRANTING DEFENDANT'S MOTION TO DISMISS, (Doc. No. 14). |

There are three motions currently before the Court, each of which relate to the forfeiture of Plaintiff Karen Plumhof's ("Plaintiff") 1999 Chevrolet Malibu ("the Vehicle").[1] On March 14, 2013, Plaintiff filed the first of the pending motions seeking the release and return of the Vehicle. (Doc. No. 9.) On March 27, 2012, Defendant United States Customs and Border Protection ("CBP") filed the second of the pending motions requesting dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. Nos. 14, 17.) This motion also responded to Plaintiff's motion for release and return of the Vehicle, arguing Plaintiff's motion should be denied

---

[1] The Vehicle is identified by VIN No.: 1G1ND52M1X6216172 and California License Plate No.: 5YMW642. (Doc. Nos. 9, 14.) Plaintiff is proceeding pro se.

as moot because the Vehicle had already been sold. (Doc. No. 14.) On April 17, 2013, Plaintiff filed the last of the pending motions in response to CBP's motion to dismiss, seeking restitution in lieu of wrongfully forfeited property. (Doc. No. 20.) Plaintiff's final motion also seeks to amend/vacate her initial motion for return of the Vehicle. (*Id.*) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the motions suitable for determination on the papers and without oral argument. Accordingly, the motion hearing set for June 6, 2013, is hereby vacated. For the reasons set forth below, Plaintiff's motion for release of property is DENIED AS MOOT, (Doc. No. 9), Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(1) is GRANTED, (Doc. No. 14), and Plaintiff's motion for restitution in lieu of wrongfully forfeited property is DENIED, (Doc. No. 20). The Clerk of Court is instructed to transmit a copy of this order to Plaintiff and close the case.

## BACKGROUND

### I.     Factual Background

This action concerns the forfeiture of Plaintiff's Vehicle by CBP Agents on April 2, 2012.[2] On April 2, 2012, CBP Agents patrolling the Split Mountain area near Westmorland, California observed a vehicle come to a stop on the side of the road.[3] (Doc. No. 14 at 1:20-23.) The CBP Agents then observed four individuals emerge from the bushes and enter the vehicle. (*Id*. at 1:23-24.) The vehicle then continued westbound along the same route, at which point the CBP Agents performed a vehicle stop and questioned all five of the vehicle's occupants. (*Id*. at 1:24-25.) All five occupants admitted to being in the United States illegally, including the driver, Lois Margaret Wesolaski. (*Id.* at 1:25-26.) Based on this information, the CBP Agents at the scene

---

[2] Because Plaintiff did not provide a detailed account of the facts leading up to the forfeiture of the Vehicle, and the events that transpired thereafter, (Doc. Nos. 9, 20), the Court takes most of the following allegations from Defendant's moving papers as the facts are not in dispute. (Doc. Nos. 14, 17.)

[3] Defendant alleges this is an area used by smugglers and illegal aliens to circumvent the Highway 86 checkpoint near Westmorland, which is approximately five miles west of the Imperial County Border Patrol Checkpoint. (Doc. No. 14 at 1:21-22; 3:4-7.)

impounded the Vehicle pursuant to 8 U.S.C. § 1324(a) (bring in and harboring certain aliens). (*Id*. at 1:27-2:2, 3:7-8.)

On April 19, 2012, the Asset Forfeiture Office ("AFO") of the El Centro Border Patrol Sector ("El Centro") mailed a seizure notice ("Seizure Notice") to Plaintiff via certified mail. (Doc. No. 17 at 1-5.) The Seizure Notice identified the vehicle seized, the events leading up to the seizure, and the legal justification for the seizure. (*Id*.) The Seizure Notice was received by Plaintiff on April 20, 2012.[4] (*Id*. at 6.) Attached to the Seizure Notice was a separate form detailing the legal options available to Plaintiff and Plaintiff's ability to proceed administratively, by filing a petition with CBP, or judicially, by filing a claim with CBP requesting that CBP refer the case to the U.S. Attorney ("CAFRA Election of Proceedings Form"). The CAFRA Election of Proceedings Form directed Plaintiff to check one of the following choices:

> 1. [ ] I REQUEST THAT CBP CONSIDER MY PETITION OR OFFER ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED. My petition or offer is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings *at any time prior to the completion of the administrative forfeiture proceedings* or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my offer or petition, my deadline for filing a claim as required by 18 U.S.C. 983(a)(2)(B) is *30 days from the date of the petition decision*, or, if I choose to file a supplemental petition, my deadline for filing a claim as required by 18 U.S.C. 983(a)(2)(8) is 30 days from the date of the supplemental petition. If I file a complete claim and request for judicial proceedings (see option 3, below), CBP consideration of my offer or petition will stop and the case will be sent for judicial forfeiture proceedings.
>
> 2. [ ] I ABANDON ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY. I understand that no additional notice about future proceedings' concerning the property will be provided to me.
>
> 3. [ ] I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR COURT ACTION. Please send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a SEIZED ASSET CLAIM FORM. I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to 18 U.S.C. 983(a)(2)(C), CBP will treat my submission as a petition for relief under option I, described above.

(Doc. No. 17 at 5) (emphasis added).

---

[4] Notice of the seizure was also published in the Imperial Valley Weekly on April 19, 2012, April 26, 2012, and May 3, 2012. (Doc. No. 17 at 28.)

1    On May 9, 2012, the El Centro AFO received a petition from Plaintiff seeking a return of the Vehicle ("Petition") and an election to seek administrative relief (option one). (Doc. No. 14 at 3:11-12; Doc. No. 17 at 7-13.) The Petition argued that the Vehicle should be returned to Plaintiff because she was not operating the Vehicle at the time the Vehicle was seized, she had no knowledge that the Vehicle was ever gone from her premises, and no violation warranting forfeiture had occurred because no charges were ever brought against the driver of the Vehicle. (Doc. No. 14 at 3:12-14; Doc. No. 17 at 8.)

On July 3, 2012, after reviewing the merits of Plaintiff's Petition, the El Centro AFO mailed a decision letter to Plaintiff granting the petition upon specified conditions: (1) payment of $2,000.00 (plus any additional costs incurred for towing and storage); and (2) execution of a hold harmless agreement ("the Decision Letter"). (Doc. No. 14 at 3:15-17; Doc. No. 17 at 14-18.) The Decision Letter also notified Plaintiff that failure to accept the decision within twenty (20) days, and all the conditions stated therein, would result in the sale of the Vehicle at auction. (Doc. No. 14 at 3:2-22; Doc. No. 17 at 15.) The Decision Letter further informed Plaintiff that she had ten (10) days following receipt of the Decision Letter to request CBP to reconsider its decision. (Doc. No. 14 at 3:22-23.)

On or about July 10, 2012, the sealed envelope containing the Decision Letter was returned to El Centro AFO with the following handwritten words, "A unk did not know this person." (Doc. No. 14 at 4:1-3.) On August 15, 2012, Claudia Olmos ("Olmos"), a forfeiture support assistant at the El Centro AFO, spoke with Plaintiff and informed her that the sealed envelope containing the Decision Letter had been returned to El Centro AFO with the above quoted language. (*Id.* at 4:4-6.) After confirming Plaintiff's address, the Decision Letter was resent to Plaintiff. (*Id.* at 4:7-8.) Plaintiff received the Decision Letter on August 16, 2012. (*Id.* at 4:9-11.) On August 22, 2012, Plaintiff sought reconsideration of the El Centro AFO's decision ("Reconsideration Letter"). (Doc. No. 14 at 4:12-13; Doc. No. 17.) The Reconsideration Letter was sent to the Rio

Grande Valley Border Patrol Sector Asset Forfeiture Office ("RGV Office") in accordance with CBP/OBP procedures.[5] (Doc. No. 14 at 4:13-16.) On September 17, 2012, the RGV Office issued a decision concerning Plaintiff's request for reconsideration ("Reconsideration Decision"). (Doc. No. 14 at 4:17-18; Doc. No. 17 at 26-27.) The Reconsideration Decision denied Plaintiff's request finding Plaintiff did not provide any new or unconsidered evidence demonstrating that the original decision was erroneous. (*Id*. at 4:18-21; Doc. No. 17 at 26-27.)

On September 24, 2012, the El Centro AFO received a copy of the Reconsideration Decision issued by the RGV Office. (Doc. No. 14 at 4:25-26.) Because the Reconsideration Decision was dated, signed, and addressed to Plaintiff, and had no instructions for El Centro AFO to deliver the Reconsideration Decision to Plaintiff, El Centro AFO was under the belief that the RGV Office had already mailed the Reconsideration Decision to Plaintiff. (*Id*. at 4:26-5:1.) However, on or about January 25, 2013, Albert Carlos ("Carlos"), the supervisor at EL Centro AFO, informed David H. Salinas ("Salinas"), the supervisor at the RGV Office, that the RGV Office never mailed the Reconsideration Letter to Plaintiff. (*Id.* at 5:4-7.)

On November 21, 2012, the Vehicle was administratively forfeited and put up for sale. (Doc. No. 14 at 5:10-11.) The Vehicle was sold at a CBP contractor auction for $501.00 on January 9, 2012. (*Id*. at 5:12-13; Doc. No. 17 at 28.) The following chart summarizes the dates pertinent to the instant motions:

| Date | Description |
|---|---|
| April 2, 2012 | Vehicle seized by CBP |
| April 19, 2012 | Seizure notice mailed to Plaintiff (timely). Notice must be sent to Plaintiff no more than sixty (60) days after the date of seizure. 18 U.S.C. § 983(a)(1)(A)(i). |

---

[5] Per CBP/OBP procedures any request for reconsideration must be sent to the AFO of a different OBP Sector for review and decision. This is to ensure a different sector decides the merits of the reconsideration request.

| Date | Event |
|---|---|
| May 9, 2012 | Plaintiff responds to seizure notice electing to file a petition for mitigation with CBP -Timely. Plaintiff must respond within thirty (30) days of receiving seizure notice. |
| July 3, 2012 | CBP grants Plaintiff's petition for mitigation on the condition that Plaintiff pay $2,000 and sign a hold harmless agreement ("the Decision Letter"). |
| July 10, 2012 | Decision Letter returned to CBP with words "A unk did not know this person." |
| August 15, 2012 | Plaintiff confirms her address with CBP and CBP sends Plaintiff another copy of the Decision Letter. |
| August 16, 2012 | Plaintiff receives Decision Letter from CBP. |
| August 22, 2012 | Rio Grande Valley Border Patrol Sector Asset Forfeiture Office receives Plaintiff's request for reconsideration (timely). Request for reconsideration must be received within ten (10) days of the receipt of the denial of the petition. |
| November 17, 2010 | Rio Grande Asset Forfeiture Office denies Plaintiff's request for reconsideration. Notice of denial is not sent to Plaintiff |
| September 24, 2012 | CBP receives a copy of the denial of Plaintiff's reconsideration request. Plaintiff still unaware |
| October 17, 2012 | Plaintiff files civil complaint |
| November 21, 2012 | Vehicle administratively forfeited |
| January 9, 2013 | Vehicle sold at CBP auction |
| January 25, 2013 | CBP learns that Plaintiff never received notice that the reconsideration request was denied. |

## II.  Procedural History

On October 17, 2012, Plaintiff filed the instant complaint alleging that the Vehicle was illegally seized by CBP, (Doc. No. 1), and on March 14, 2013, Plaintiff filed a motion for release of property. (Doc. No. 9.) CBP responded to Plaintiff's motion for

release of property on March 27, 2013, arguing Plaintiff's motion should be denied as moot because the Vehicle had already been sold. (Doc. No. 14.) This response was included within CBP's independent motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1 and 12(b)(6). (*Id.*) On April 17, 2013, Plaintiff filed a motion for restitution in lieu of wrongfully forfeited property, thereby "amending" or vacating her previous motion seeking a return of the Vehicle. (Doc. No. 20.) On April 26, 2013 the Court consolidated the hearing dates for all three pending motions. (Doc. No. 22.)

## LEGAL STANDARDS

### I.     12(b)(1): Subject Matter Jurisdiction

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (stating that although the defendant is the moving party the plaintiff bears the burden of proof on the necessary jurisdictional facts because the plaintiff invoked the court's jurisdiction by filing the complaint).

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979-80 (9th Cir. 2007); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (internal quotation omitted). Additionally, the court may consider evidence outside the pleadings to resolve factual disputes. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *see also Dreier*, 106 F.3d at 847 (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

///

## II. 12(b)(6): Sufficiency of the Complaint

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff's Vehicle was seized pursuant to Title 8 U.S.C. § 1324(b)(1), which provides that any "vehicle. . . that has been used or is being used in the commission of a violation of subsection (a) [bringing in and harboring certain aliens] . . . shall be seized and subject to forfeiture." 8 U.S.C. § 1324(b)(1). Plaintiff now seeks to set aside the forfeiture and illegal sale of the Vehicle. A party seeking to challenge a nonjudicial forfeiture that occurred after August 23, 2000, is limited to doing so under the Civil Asset Forfeiture Reform Act ("CAFRA"). *United States v. $80,180.00 in U.S. Currency*, 303 F.3d 1182, 1185 (9th Cir. 2002) ("Congress has dictated in section 21 that CAFRAs

heightened burden of proof applies only to a 'forfeiture proceeding commenced' on or after the statute's effective date, which is August 23, 2000.").

## I. The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA")

Pursuant to CAFRA, civil asset forfeiture proceedings are governed by 18 U.S.C. § 983. *See* Pub. L. 106-185, §2(a), Apr. 25, 2000, 114 Stat. 202. Pursuant to § 983, if property is seized by the government, the agency who seized the property must notify all parties who have an interest in the seized property of its intent to forfeit the property no later than 60 days after the date of the seizure. 18 U.S.C. § 983(a)(1)(A)(I). Such notice must also advise all interested parties that he or she may seek to reclaim the property administratively or judicially, i.e., one may file a petition for remission with the seizing agency, or may file a claim with the seizing agency requesting that the agency refer the case to the U.S. Attorney for a determination in federal district court. 50 C.F.R. §§ 12.23(b), 12.24.

A petition for remission "asks the agency for discretionary return of the property," while a claim "initiates the judicial process to decide whether the property should be forfeited." *Malladi Drugs & Pharm., Ltd. v. Tandy*, 552 F.3d 885, 889 (D.C. Cir. 2009) ("A party claiming ownership of the seized property may choose to pursue either the administrative or the legal remedy, complying with the applicable filing deadline for its choice."). "The forfeiture statutes and regulations provide alternative, not sequential, administrative and legal remedies for an administrative forfeiture." *Id.* at 890. The two remedies are distinct, and the election of remedies by the plaintiff affects the ability of a district court to later consider the merits of the seizure or underlying decision of the agency. *See, e.g., Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1208 (N.D. Cal. 2009) *aff'd*, 646 F.3d 1240 (9th Cir. 2011) ("Because CAFRA does not provide for judicial review of administrative forfeiture decisions, the merits of those decisions fall within the agency's sphere of unreviewable discretion."). For example, if a party pursues the administrative path by filing a petition for remission, and the petition is denied, the only avenue to set aside the declaration of forfeiture is if the notice of forfeiture was not

received by the party or if the party did not otherwise have reason to know of the seizure. *See* 18 U.S.C. § 983(e).[6] Thus, once a notice of seizure and proposed forfeiture is sent to the Plaintiff, a district court is divested of jurisdiction to review the forfeiture unless an interested party timely submitted a claim with the seizing agency. *Mohammad v. United States*, 169 Fed. Appx. 475 (7th Cir. 2006).

Here, it is undisputed that CBP gave timely notice to Plaintiff of the seizure and intent to forfeit the Vehicle. CBP seized the Vehicle on April 2, 2012, and sent notice of the seizure to Plaintiff via certified mail on April 19, 2012. Plaintiff acknowledges that she received the Seizure Notice on April 20, 2012. (Doc. No. 17 at 6; Doc. No. 20 at 1, Ex. A.) Therefore, the Court finds the notice was timely under 18 U.S.C. § 983(a)(1)(A)(I) (stating that notice of the seizure and intent to forfeit the property must be sent to a party no more than sixty (60) days after the date of seizure. *See Malladi Drugs and Pharm., Ltd. v. Tandy*, 538 F. Supp. 2d 162, 169-170 (D.D.C. 2008) *aff'd on other grounds*, 552 F.3d 885 (D.C. Cir. 2009).

It is also undisputed that the seizure notice included a CAFRA Election of Proceedings Form, thereby providing Plaintiff with a list of options as to how to proceed in the event she wished to contest the seizure and seek return of the Vehicle. (Doc. No. 20, Ex. A.) Specifically, the seizure notice informed plaintiff to select one of the following options: (1) file a petition with CBP and elect to proceed administratively; (2) abandon

---

[6] Section 983(e) provides:

(1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if–

    (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and

    (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1)(A).

any claim or interest in the property; or (3) file a claim and request that CBP refer the case for court action in a federal district court. (Doc. No. 17 at 11.) The CAFRA Election of Proceedings Form also stated that if Plaintiff elected to file a petition with CBP (option one), and was dissatisfied with the petition decision (initial or supplemental petition), Plaintiff would have an additional thirty (30) days from the date of the initial decision, or thirty (30) days form the date of the supplemental decision, to file a claim to the property requesting a referral to the U.S. Attorney. (Doc. No. 20, Ex. A at 2.) If Plaintiff failed to file a claim within the times frames specified above, "the property may be forfeited to the United States." (*Id.*)

On May 9, 2012, Plaintiff filed her response to the Seizure Notice, thereby selecting option one and electing to proceed administratively. (Doc. No. 17 at 11.) Thereafter, on July 3, 2012, CBP granted Plaintiff's petition for mitigation, and issued a decision on the petition stating that CBP would return the Vehicle to Plaintiff provided that she remit $2,000.00 and execute a hold harmless agreement. Plaintiff received notice of CBP decision regarding the petition on August 16, 2012. Accordingly, pursuant 18 U.S.C. § 983(a)(2)(B), as specified in the Seizure Notice, Plaintiff had thirty (30) days from the date of the petition decision, or thirty (30) days from the date of the supplemental decision, to file a claim with CBP requesting a referral of her case to the U.S. Attorney. At no point however, has Plaintiff ever filed a claim with CBP requesting a referral to the U.S. Attorney or otherwise indicated that she wished to enter forfeiture proceedings pursuant to 18 U.S.C. § 983(a)(2)(C). Therefore, because the thirty (30) day time limit has long since expired, and such time limit applies only to petition decisions and supplemental decisions, and not to motions for reconsideration, Plaintiff's complaint may not proceed because she never properly filed a "claim" with CBP thereby instituting a cause of action in federal court.

Accordingly, because Plaintiff selected option one, and elected to proceed administratively, the Court finds it lacks subject matter jurisdiction to adjudicate the merits of Plaintiff's complaint. *See Conkey v. United States*, 545 F. Supp. 2d 1013 (N.D. Cal.

2008). The Court finds Plaintiff's argument that her case is still pending, and therefore the thirty (30) day time period never commenced, without merit. The Seizure Notice clearly states that any "claim" filed with CBP requesting referral to the U.S. Attorney to proceed in federal district court must be sent to CBP no later than thirty (30) days following the petition decision or supplemental decision. Thus, when CBP issued its decision on July 3, 2012, the thirty (30) day time period commenced.[7] Plaintiff never filed a supplemental petition, and Plaintiff's request for reconsideration did not change this date or otherwise stay the applicable deadline. Thus, because Plaintiff never filed a "claim" with CBP requesting a referral of the case to the U.S. Attorney, the Court is without subject matter jurisdiction to consider the merits of Plaintiff's complaint.

As a result, the Court may only consider whether Plaintiff received proper and timely notice of the seizure of her Vehicle (not notice of the decision regarding reconsideration). *See Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) ("Section 983(e) provides his exclusive remedy to challenge the administrative forfeiture. The only issue this court can consider is whether Mesa received the appropriate notice in sufficient time to contest the agency's action of summarily forfeiting the check."); *Rodriguez v. United States Dept. of Justice*, 4. Fed. Appx. 104, 106 (2nd Cir. 2001) (stating court lacked subject matter jurisdiction over motion for return of forfeited property because plaintiff filed claim with agency two weeks late). However, because the parties do not contest that Plaintiff received timely notice of CBP's seizure of the Vehicle, the Court finds Due Process has been satisfied.

## CONCLUSION

Therefore, for the reasons set forth above, the Court finds it lacks subject matter jurisdiction to consider the merits of Plaintiff's complaint. (Doc. No. 1.) Accordingly, Plaintiff's motion to release property is DENIED AS MOOT, (Doc. No. 9), Plaintiff's motion for restitution in lieu of wrongfully forfeited property is DENIED, (Doc. No. 20),

---

[7] Even if the Court finds the thirty (30) day time period did not commence until Plaintiff recieved notice of CBP's decision (which is contrary to the unambiguous language of the seizure notice), Plaintiff never filed a "claim" with CBP.

and Defendant CBP's motion to dismiss is GRANTED, (Doc. No. 14).  The Clerk of Court is instructed to serve this order on Plaintiff and close the case.

IT IS SO ORDERED.

DATED:  May 24, 2013

Hon. Anthony J. Battaglia
U.S. District Judge